IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **In the Matter of:** | ) | |
| | ) | |
| **MARK BRANNAN and** | ) | |
| **KELLY BRANNAN,** | ) | |
| | ) | |
| Debtors. | ) | **MISC. ACTION 13-0001-WS** |
| | ) | |
| **WELLS FARGO BANK, N.A.,** | ) | |
| | ) | |
| Appellant/Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **MARK BRANNAN and** | ) | |
| **KELLY BRANNAN,** | ) | |
| | ) | |
| Appellees/Plaintiffs. | ) | |

**ORDER**

This miscellaneous action comes before the Court on appellant/defendant Wells Fargo Bank, N.A.'s Motion to the District Court for Leave to Appeal (doc. 1) and Motion to Expedite Ruling on Defendant's Motion for Leave to Appeal (doc. 3). The Court also has the benefit of appellees/plaintiffs' Response (doc. 4) filed on March 1, 2013.

**I.     Relevant Background.**

Plaintiffs, Mark and Kelly Brannan, are Chapter 13 debtors who brought a bankruptcy adversary proceeding against Wells Fargo Bank, N.A., back in 2004. This adversary proceeding concerns plaintiffs' allegations that Wells Fargo engaged in fraudulent and improper practices attendant to the preparation, signing and filing of affidavits in bankruptcy actions in the U.S. Bankruptcy Court for the Southern District of Alabama for the period of 1996 through 2008. Plaintiffs sought class certification.

After extensive discovery, multiple class certification hearings, and a November 2011 order denying without prejudice plaintiffs' first attempt to obtain class certification, Bankruptcy Judge Mahoney entered a 22-page Order (doc. 1, Exh. B) on January 8, 2013 granting plaintiffs'

motion for class certification, and certifying two classes under Rule 7023, Fed.R.Bankr.P.  The first class consisted of all individuals who had filed a Chapter 13 or Chapter 7 bankruptcy case in this district in which Wells Fargo filed an affidavit in support of a motion for relief from stay, motion for adequate protection, or similar motion filed from January 1, 1996 through December 31, 2008, where such individuals also made payment to Wells Fargo for attorney's fees or filing fees associated with such a motion.  The second class was much like the first, except that in lieu of actually paying Wells Fargo for attorney's fees or filing fees associated with such a motion, these individuals simply had charges posted to their mortgage account for attorney's fees or filing fees associated with Wells Fargo's motion to stay, motion for adequate protection or similar motion.[1]  The January 8 Order concluded that "[t]he plaintiffs have met the necessary burden for class certification in this case.  Their allegations, if proven, state a claim against Wells Fargo that is actionable."  (*Id.* at 22.)

Wells Fargo filed a Motion to the District Court for Leave to Appeal on January 29, 2013.  The Bankruptcy Court Clerk forwarded that Motion to the District Court Clerk on February 14, 2013.  On the face of the Motion, the legal authority on which Wells Fargo predicates its request for interlocutory appeal consists of 28 U.S.C. § 158(a) and Rules 8001(b) and 8003 of the Federal Rules of Bankruptcy Procedure.  Pursuant to § 158(a)(3), "[t]he district courts of the United States shall have jurisdiction to hear appeals …with leave of the court, from other interlocutory orders and decrees" of bankruptcy courts.  *Id.*

On February 25, 2013, some 11 days after the Motion for Leave to Appeal was transmitted to the District Court Clerk, while the undersigned was awaiting the conclusion of court-ordered briefing, Wells Fargo filed a Motion to Expedite Ruling, in which it elaborated on its intentions and introduced a heretofore-unspoken element of temporal urgency to the equation.  At that time, Wells Fargo explained that, if its Motion for Leave to Appeal were granted, it would file in this District Court a request for certification of the January 8 Order for direct appeal to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 158(d)(2).  However, § 158

---

[1] The latter class is an "injunctive relief class" because the relief those individuals seek would be an injunction preventing Wells Fargo from collecting those charged fees and costs from them in the future.  Any monetary relief to this class would be incidental, in contrast to the first-listed class, as to which class members would seek money damages to recover fees they had actually paid to Wells Fargo.

requires that any such request for certification "shall be made not later than 60 days after the entry of the judgment, order, or decree." 28 U.S.C. § 158(d)(2)(E).  Because the Bankruptcy Court's Order was entered on January 8, 2013, the 60-day period for requesting certification expires on March 9, 2013.  While it would have been extraordinarily helpful for Wells Fargo to reveal its plans, and particularly those triggering the 60-day constraint, contemporaneously with its Motion for Leave to Appeal, the Court agrees that expedited consideration is warranted under the circumstances.  On that basis, the Motion to Expedite Ruling (doc. 3) is **granted**.

II.     **Analysis.**

As noted, Wells Fargo's Motion for Leave to Appeal is predicated on 28 U.S.C. § 158(a)(3), which authorizes district courts to hear appeals from interlocutory orders of bankruptcy courts.[2]  Myriad authorities support the notion that a district court's jurisdiction to hear such an appeal is purely discretionary.  *See, e.g., In re Celotex Corp.*, 700 F.3d 1262, 1265 n.3 (11th Cir. 2012) ("District courts have discretionary jurisdiction to hear appeals from interlocutory orders and decrees of bankruptcy judges.").[3]

---

[2]     As a threshold matter, the parties do not dispute that the January 8 Order is "interlocutory" for purposes of § 158 analysis.  Wells Fargo's filings repeatedly characterize the Bankruptcy Court's ruling as interlocutory in nature and reflect that it seeks interlocutory review. (*See* doc. 1, at 1, 4, 9, 10, 11, 24, 28; doc. 3, at 2.)  As such, the Court will not *sua sponte* scrutinize the "final" or "interlocutory" character of that ruling.

[3]     *See also In re Futter Lumber Corp.*, 473 B.R. 20, 26 (E.D.N.Y. 2012) ("Under Section 158(a)(3), a district court has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court.") (citations omitted); *In re Yehud-Monosson USA, Inc.*, 472 B.R. 868, 882 (D. Minn. 2012) ("The decision to deny leave to appeal an interlocutory bankruptcy order is purely discretionary.") (citation omitted); *Prologo v. Flagstar Bank, FSB*, 471 B.R. 115, 129 (D. Md. 2012) ("The decision to deny leave to appeal an interlocutory bankruptcy order is purely discretionary.") (citation omitted); *First Owners' Ass'n of Forty Six Hundred v. Gordon Properties, LLC*, 470 B.R. 364, 371 (E.D. Va. 2012) ("There is no appeal as of right from an interlocutory order, but an appeal may be permitted with leave of court in certain circumstances. *See* 28 U.S.C. § 158(a)(3)."); *Picard v. Estate of Madoff*, 464 B.R. 578, 582 (S.D.N.Y. 2011) (under § 158(a), "district court has discretion to determine whether leave to appeal is warranted"); *In re City of Prichard, Ala.*, 2010 WL 2383984, *1 (S.D. Ala. June 9, 2010) ("Because leave of court must be obtained, § 158(a) gives the district courts discretion to decide whether to allow an appeal from an interlocutory order entered in a pending bankruptcy proceeding.").

The text of § 158(a)(3) does not furnish district courts with any discernable criteria, guideposts or standards to govern or even guide the exercise of this statutory discretion. Nonetheless, extensive case law from this and other circuits dictates that a district court's determination of whether to allow discretionary appeal of an interlocutory bankruptcy ruling should be made by reference to the standards articulated in 28 U.S.C. § 1292(b).  *See, e.g., Laurent v. Herkert*, 2006 WL 2429960, *1 (11th Cir. Aug. 22, 2006) ("Because 28 U.S.C. § 158(a) does not provide the district court any criteria for determining whether to exercise their discretionary authority to grant leave to appeal, the courts look to 28 U.S.C. § 1292(b) which governs discretionary interlocutory appeals from district courts to the court of appeals.") (citation and internal marks omitted).[4]  This Court will proceed in like manner; therefore, examination of the § 1292(b) test is appropriate.

---

[4] *See also In re Archdiocese of Milwaukee*, 482 B.R. 792, 797 (E.D. Wis. 2012) (in § 158(a)(3) context, "district courts generally apply the standard set forth in 28 U.S.C. § 1292(b)"); *Jacobo v. BAC Home Loans Servicing, LP*, 477 B.R. 533, 537 (D.N.J. 2012) ("courts within this Circuit confronted with the decision whether to grant leave to allow an interlocutory appeal are informed by the criteria in 28 U.S.C. § 1292(b)"); *Futter*, 473 B.R. at 26 ("In determining whether to grant leave to appeal an interlocutory order from the bankruptcy court, the Court will apply the standard set forth in 28 U.S.C. § 1292(b)") (citation omitted); *First Owners' Ass'n*, 470 B.R. at 371 ("in determining whether to grant leave for an interlocutory appeal, district courts have routinely looked by analogy to the standard set forth in 28 U.S.C. § 1292(b)"); *In re Royce Homes LP*, 466 B.R. 81, 93 (S.D. Tex. 2012) (when faced with a § 158(a)(3) motion, "district courts within the Fifth Circuit have looked to the factors listed under 28 U.S.C. § 1292(b) in determining whether to grant such a motion"); *Smith v. Laddin*, 424 B.R. 529, 533-34 (N.D. Ala. 2010) ("Because 28 U.S.C. § 158(a) does not provide the district courts with any criteria for determining whether to exercise their discretionary authority to grant leave to appeal, a district court should look to 28 U.S.C. § 1292(b)") (citations and internal quotation marks omitted); *In re Allied Holdings, Inc.*, 376 B.R. 351, 357 (N.D. Ga. 2007) ("Because section 158(a) contains no guidelines as to the exercise of this discretion, district courts look to circuit court standards governing interlocutory appeals under 28 U.S.C. § 1292(b).") (citation omitted); *In re Tri-State Plant Food, Inc.*, 265 B.R. 450, 451 (M.D. Ala. 2001) (in reviewing party's motion for interlocutory appeal of bankruptcy court ruling, "the court applies the same standard as an appellate court reviewing a similar motion from a district court's order"); *City of Prichard*, 2010 WL 2383984, at *2-3 (applying § 1292(b) criteria in determining whether to allow interlocutory appeal from bankruptcy court pursuant to § 158(a)); *In re Tate*, 2010 WL 320488, *4 (S.D. Ala. Jan. 19, 2010) (noting that § 158(a) "vests district courts with discretion in determining whether or not to allow an appeal from an interlocutory order entered in a pending bankruptcy proceeding" and that "[i]n wielding this discretion, district courts typically adopt and apply the more general standards for certification of interlocutory appeals prescribed by 28 U.S.C. § 1292(b)").

The Eleventh Circuit has opined that "§ 1292(b) sets a high threshold for certification to prevent piecemeal appeals." *OFS Fitel, LLC v. Epstein, Becker and Green, P.C.*, 549 F.3d 1344, 1359 (11th Cir. 2008). In that regard, "to obtain § 1292(b) certification, the litigant must show not only that an immediate appeal will advance the termination of the litigation but also that the appeal involves a controlling question of law as to which there is substantial ground for difference of opinion." *Id.* (citation and internal quotation marks omitted). "Most interlocutory orders do not meet this test." *Id.*; *see also McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1264 (11th Cir. 2004) (in exercising § 1292(b) discretion, appellate court "should keep in mind that the great bulk of its review must be conducted after final judgment, with § 1292(b) interlocutory review being a rare exception"); *Camacho v. Puerto Rico Ports Authority*, 369 F.3d 570, 573 (1st Cir. 2004) ("Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth rare."). "Because permitting piecemeal appeals is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy." *McFarlin*, 381 F.3d at 1259. Wells Fargo's request for review of an interlocutory bankruptcy order under § 158(a) is cloaked with the same disfavored status that characterizes § 1292(b) motions.[5]

By its terms, § 1292(b) authorizes appeal of an interlocutory order only where the following criteria are satisfied: (1) "such order involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). As the movant seeking interlocutory appeal, Wells Fargo bears the burden of satisfying all of these elements. *See OFS Fitel,* 549 F.3d at 1359; *McFarlin*, 381 F.3d at 1264 ("The burden of persuading us that a question of law meeting the requirements of § 1292(b) clearly is presented is on the petitioning party").

---

[5] Indeed, federal district courts considering whether to allow appeals from interlocutory orders issued by bankruptcy courts have emphasized that § 1292 relief is sparingly granted and requires a showing of exceptional circumstances. *See, e.g., Yehud-Monosson,* 472 B.R. at 882 ("Review under § 1292(b) should be sparingly granted and then only in exceptional cases.") (citation omitted); *Royce Homes*, 466 B.R. at 94 ("Interlocutory bankruptcy appeals should be limited to cases presenting exceptional circumstances," and the movant "bears the burden of establishing such exceptional circumstances"); *Picard*, 464 B.R. at 583 ("An interlocutory appeal is not an appropriate vehicle for early review of difficult rulings in hard cases."); *Tate*, 2010 WL 320488, at *4.

Defendant has not met this burden. Indeed, notwithstanding the foregoing authorities, Wells Fargo has not attempted to show that the requirements prescribed by § 1292(b) weigh in favor of allowing an appeal of the Bankruptcy Court's January 8 Order pursuant to 28 U.S.C. § 158(a).[6] It has not advanced any § 1292(b) argument, leaving the undersigned guessing as to what (if any) facts, circumstances and issues Wells Fargo might contend are sufficient to justify interlocutory appeal under that standard.[7] Instead, Wells Fargo posits that this Court's discretion in whether to allow the instant interlocutory appeal is guided by the somewhat less stringent showing required under Rule 23(f), Fed.R.Civ.P., for discretionary review by a court of appeals of a district court's class certification ruling. Now, the Eleventh Circuit has held that Rule 23(f) was not incorporated into the Federal Rules of Bankruptcy Procedure. *See Chrysler Financial Corp. v. Powe*, 312 F.3d 1241, 1246-47 (11th Cir. 2002).[8] As such, Rule 23(f) would appear to have no direct application where, as here, the interlocutory appeal sought is from a bankruptcy court's class certification order. In the same case, however, the panel opined in *dicta* (without supporting authorities or reasoning) that "the § 1292(b) requirements need not be satisfied when

---

[6] Nor, by all appearances, could Wells Fargo meet the § 1292(b) criteria. For example, on the "controlling question of law" requirement, the Eleventh Circuit has explained that a litigant does not satisfy this element by attacking the appealed-from order's "application of settled law to fact," nor can it do so by inviting the appellate court to "root[] around through the record in search of the facts or of genuine issues of fact." *McFarlin*, 381 F.3d at 1258. Instead, what is necessary is a showing of "an abstract legal issue or what might be called one of pure law, matters the court of appeals can decide quickly and cleanly without having to study the record." *Id.* (citation and internal quotation marks omitted). No such "pure, controlling question of law" is apparent on the face of Wells Fargo's Motion for Leave to Appeal, which instead is focused in large measure on movant's disagreement with the Bankruptcy Court's application of extant class-certification law to the factual contours of this dispute. Rather than identifying a particular, narrow legal issue as to which review under § 1292(b) might be authorized, Wells Fargo would appeal everything about the January 8 Order on a host of legal grounds. Such a scattershot approach is not how § 1292(b) review (and, hence, § 158(a)(3) review) works.

[7] Of course, district courts generally cannot and do not develop arguments that a litigant has not. *See, e.g., Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011) ("district courts cannot concoct or resurrect arguments neither made nor advanced by the parties"); *M.R. v. Board of School Com'rs of Mobile County*, 2012 WL 3778283, *4 n.5 (S.D. Ala. Aug. 30, 2012) ("Federal courts do not develop parties' legal arguments for them.").

[8] Wells Fargo acknowledges that, under *Powe*, Rule 23(f) "may not apply to class certification orders entered in bankruptcy court." (Doc. 3, ¶ 2.)

an interlocutory appeal is taken from the bankruptcy court to the district court," and that "the district court's discretion to entertain an interlocutory appeal from the bankruptcy court is analogous to the court of appeals' discretion to entertain a Rule 23(f) appeal from the district court." *Powe*, 312 F.3d at 1245-46.  In reliance on this language, Wells Fargo's position is that *Powe* allows it to pursue interlocutory appeal from the Bankruptcy Court's class certification ruling by reference to the lesser Rule 23(f) standard, rather than the greater § 1292(b) standard.

The Court declines to follow such *dicta* for several reasons.  In the first place, extensive precedents from this Circuit and others around the country (a small sampling of which is cited at footnote 4, above) belie the premise that § 1292(b) criteria do not reach an interlocutory appeal from bankruptcy court to district court.  As discussed *supra*, such an interlocutory appeal is governed by § 158(a)(3), which provides no standards for district courts to use in exercising the discretion conferred upon them by the statute.  In case after case after case involving § 158(a)(3) appeals, federal district and appellate courts have looked to the § 1292(b) criteria.[9]  Thus, it is inaccurate to suggest that whether to allow a § 158(a) discretionary appeal is determined without regard to § 1292(b).  Second, nothing in the text of § 158(a) or applicable Bankruptcy Rules would warrant deviating from this general rule where an interlocutory appeal concerns a bankruptcy court's class certification ruling, as opposed to an interlocutory ruling on some other subject.  There is simply no identifiable legal basis for treating class certification rulings any differently than other interlocutory bankruptcy orders for purposes of deciding whether to allow

---

[9]     Ultimately, this appears to have been *Powe*'s mistake.  The panel appeared to be operating under the impression (based on nothing more than a head-to-head comparison of the text of the statute with that of the rule) that the discretion conveyed by statute for granting or denying interlocutory bankruptcy appeals under § 158(a) is "analogous" to that provided by rule for granting or denying interlocutory appeals from a district court's class certification order under Rule 23(f).  *See Powe*, 312 F.3d at 1245-46 ("In such a case, the district court's discretion to entertain an interlocutory appeal from the bankruptcy court is analogous to the court of appeals' discretion to entertain a Rule 23(f) appeal from the district court.  *See* 28 U.S.C. § 158(a).").  However, both the case law that has developed under Rule 23(f) and that which has developed under § 158(a) (which uniformly applies the more onerous § 1292(b) factors) reflect that the discretion (and the applicable legal standards guiding that discretion) are in fact quite different in these settings.  *See generally Jenkins v. BellSouth Corp.*, 491 F.3d 1288, 1291 (11th Cir. 2007) (documenting critical differences between § 1292(b) model and Rule 23(f) framework).  The *Powe dicta* did not recognize that stark divergence, nor would it be expected to do so because (after all) that issue was not before the court.  It is for that very reason that *dicta* is not binding.

interlocutory appeal.  Third, if Rule 23(f) does not apply to bankruptcy court class certification rulings because (as *Powe* held) it was not adopted into the Bankruptcy Rules, then it would make little sense to link § 158(a) interlocutory appeals from such bankruptcy court class certifications to Rule 23(f), when (again) that rule does not apply.  Based on this careful reading of *Powe*, in conjunction with the veritable avalanche of § 158(a) authority discussed *supra*, the Court declines Wells Fargo's invitation to import a Rule 23(f) analysis into a determination of whether to exercise its discretion in favor of allowing an interlocutory appeal from the Bankruptcy Court's class certification ruling pursuant to 28 U.S.C. § 158(a).[10]

In sum, then, defendant's request for interlocutory appeal of the Bankruptcy Court's Order dated January 8, 2013 is brought pursuant to 28 U.S.C. § 158(a)(3).  Because that statute promulgates no standards for the exercise of discretion to allow an appeal, this Court will follow the long and virtually unblemished line of authorities from this and other circuits by utilizing the criteria prescribed by 28 U.S.C. § 1292(b) to guide its discretion.  Defendant has not met its burden of satisfying those criteria, and piecemeal appeal is an extremely rare and disfavored remedy.  Accordingly, this Court exercises its discretion by **denying** the Motion to the District Court for Leave to Appeal (doc. 1).[11]

---

[10]   In that regard, the Court concurs with the Northern District of Georgia's assessment of a similar argument as follows:  "In *Chrysler Fin. Corp. v. Powe*, 312 F.3d 1241 (11th Cir. 2002), the court reviewed a bankruptcy court order granting class certification, and the issue was whether the court of appeals could directly review the order under Rule 23(f).  In *Prado–Steiman v. Bush,* 221 F.3d 1266 (11th Cir. 2000), the court considered an interlocutory appeal from a class certification that was not a bankruptcy case.  These cases do not hold that a district court must apply or should consider applying the standards of Rule 23(f) in deciding whether to grant an interlocutory appeal from a bankruptcy court order."  *Allied Holdings*, 376 B.R. at 357 n.5.

[11]   Incidentally, it bears noting that even if the Rule 23(f) criteria did apply, the Court would remain strongly disinclined to exercise its discretion to allow an interlocutory appeal in this case.  Under Rule 23(f), the Eleventh Circuit has established a number of "guideposts," the "most important" of which is "whether the district court's ruling is likely dispositive of the litigation by creating a 'death knell' for either plaintiff or defendant."  *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1274 (11th Cir. 2000).  Defendant equates the January 8 Order to such a "death knell" because it "finds Wells Fargo guilty of a 'fraud on the court,' holds that no defense to that fraud is possible no matter what proof might be offered on any claim," and is effectively "the end of this case as far as Wells Fargo's rights are concerned."  (Doc. 1, at 10.)  This is not a fair reading of the January 8 Order.  The Bankruptcy Court has not found Wells Fargo guilty of anything, much less foreclosed its ability to litigate liability, present defenses, (Continued)

None of this is to say, of course, that Wells Fargo lacks a remedy. For aught that would appear in the record, defendant remains free to petition the Bankruptcy Court for certification of an immediate appeal to the Eleventh Circuit, but has not done so. *See* 28 U.S.C. § 158(d)(2)(B) (allowing bankruptcy court to make such certification); *Perkins v. Haines*, 661 F.3d 623, 625 n.2 (11th Cir. 2011) (explaining that court of appeals has appellate jurisdiction in bankruptcy case when bankruptcy court makes certification pursuant to 28 U.S.C. § 158(d)(2)(A)); Rule 8001(f)(2)(A)(i) ("Only a bankruptcy court may make a certification on request … while the matter is pending in the bankruptcy court."). Defendant acknowledges as much. (Doc. 3, ¶¶ 2, 4.) And if certification of an immediate appeal is rebuffed under § 158(d)(2)(B), defendant remains free to appeal the grant of class certification following the entry of final judgment. What it cannot do, however, in the absence of satisfying the § 1292(b) criteria and showing exceptional circumstances is to utilize this Court as a springboard or intermediary for either obtaining certification to the Eleventh Circuit (thereby bypassing the Bankruptcy Court's certification authority) or pursuing a full-blown interlocutory appeal before this Court (thereby stopping the bankruptcy proceedings dead in their tracks and virtually assuring that time-consuming, expensive, disfavored piecemeal appeals will ensue).

### III.   Conclusion.

For all of the foregoing reasons, it is **ordered** as follows:

1. Defendant's Motion to Expedite Ruling (doc. 3) is **granted**;
2. Defendant's Motion to the District Court for Leave to Appeal (doc. 1) is **denied**; and

---

and contest damages as the case moves forward. Peppered throughout the January 8 Order are appropriate qualifiers such as "if the facts as alleged are true" (doc. 1, Exh. B, at 6), "[t]he actions of Wells Fargo, if proven, are a basis for remedial action based on fraud on the court" (*id.* at 10), "[t]he facts as alleged fit this model" (*id.*), "the affidavits, if prepared as alleged" (*id.*), "if the facts alleged by the plaintiffs are true" (*id.* at 12), "[i]f the process is what plaintiffs allege it is" (*id.* at 17), "the injury to the court system that is alleged" (*id.* at 20), "Wells Fargo, if it engaged in improper practices" (*id.*), and plaintiffs' "allegations, if proven, state a claim against Wells Fargo that is actionable" (*id.* at 22). In the face of such caveats and contingent language, defendant's hyperbolic contention that the January 8 Order is "the end of this case" because the Bankruptcy Court has irrevocably decided liability adversely to Wells Fargo lacks a factual basis and cannot justify interlocutory review in reliance on the Rule 23(f) "death knell" guidepost, even if Rule 23(f) analysis applied (which it does not).

3. There being no other pending issues or matters joined in these proceedings, the Clerk of Court is **directed** to close this Miscellaneous Action for administrative and statistical purposes.

DONE and ORDERED this 5th day of March, 2013.

s/ WILLIAM H. STEELE<br>CHIEF UNITED STATES DISTRICT JUDGE